**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 17-mj-4519 (LHG) |
| v. | : | |
| LIDYA M. RADIN, | : | |
| Defendant. | : | |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIMINAL NO. 17-494 (AET) |
| v. | : | **ORDER** |
| LIDYA M. RADIN, | : | |
| Defendant. | : | |

**IT APPEARING THAT:**

1. This is a criminal matter in which the defendant, Lidya M. Radin, is appearing *pro se*. Specifically, Radin was charged with the petty offense of disorderly conduct on federal property in violation of 41 C.F.R. § 102-74.390 in relation to her behavior at the United States Courthouse in Trenton, New Jersey on August 10, 2017, pursuant to a violation notice issued to her by a federal law enforcement officer. (*See* Case No. 17-mj-4519, ECF No. 1.)

2. Radin has filed the following requests before me in my capacity as the Chief Judge for the District of New Jersey: (a) to stay the petty offense prosecution, which is pending before Magistrate Judge Goodman in this District; (b) to commence a

criminal investigation into the circumstances surrounding her prosecution; and (c) for other miscellaneous relief. (*See* Case No. 17-mj-4519, ECF No. 4; *id.*, ECF No. 6; Criminal No. 17-494, ECF No. 4.)

3. I have thoroughly reviewed all of the papers and assorted correspondence filed by Radin. I find that all of Radin's requests for relief are not within my authority to grant as the Chief Judge. Furthermore, I find that those requests would be more appropriately resolved before the Magistrate Judge assigned to this case, and then through the appellate process if appropriate.

4. For instance, Radin argues that the Magistrate Judge lacks any authority to oversee this case (*see* Case No. 17-mj-4519, ECF No. 4; *id.*, ECF No. 6), but that argument is without merit and need not be addressed by a Chief Judge. *See* 18 U.S.C. § 3401(a) (authorizing a United States Magistrate Judge to try a defendant accused of a federal misdemeanor that has been committed within that judicial district, and to issue a sentence for any resulting conviction); *see also* Fed. R. Crim. P. 58(b)(1) (authorizing a trial for a petty offense that has been charged in a violation notice). The Magistrate Judge may try this petty offense matter, even without Radin's consent. *See United States v. De Graaff*, No. 05-829, 2006 WL 756541, at *1 (D.N.J. Mar. 20, 2006) (holding that a Magistrate Judge may try a federal petty offense matter without obtaining a defendant's consent, and that such a defendant is not entitled to a jury trial), *aff'd*, 242 Fed. App'x 828 (3d Cir. 2007); *see also United States v. Nachtigal*, 507 U.S. 1, 4–6 (1993) (holding the same).

5. Radin also seeks to initiate a criminal investigation or a criminal

prosecution against those who are involved in charging her and prosecuting her in this matter. (*See* Crim. No. 17-494, ECF No. 4.) However, Radin's demands here are barred because she is a private citizen with no federal right to compel a criminal investigation or a criminal prosecution, and because initiating an investigation or a prosecution is a function of governmental discretion. See *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also Fuchs v. Mercer County*, 260 Fed. App'x 472, 475 (3d Cir. 2008) (affirming a district court's judgment that dismissed a claim asserted against a district attorney, wherein the plaintiff sought to compel a criminal investigation and prosecution of a police officer).

6. Furthermore, Radin is not without appellate remedies concerning the orders and judgments that have been, or that will be, issued by the Magistrate Judge in this matter. *See* 18 U.S.C. § 3402 (permitting an aggrieved defendant to appeal from a Magistrate Judge's decision to a District Court judge); Fed. R. Crim. P. 58(g)(2)(B) (authorizing the same); *see also* 28 U.S.C. § 1291 (permitting an aggrieved criminal defendant to appeal from any subsequent orders or judgments entered by a District Court Judge to the Court of Appeals); Fed. R. Crim. P. 58(g)(1) (authorizing the same); Fed. R. App. P. 4(b) (authorizing the same). Indeed, the Third Circuit Court of Appeals has so held in denying the motion for a writ of prohibition that Radin filed in that court. *See In re Radin*, No. 17-3347, 2017 WL 5479494, at *1–2 (3d Cir. Nov. 15, 2017).

7. It is apparent that Radin is aware of the appellate remedies that are available to her, as she has filed the aforementioned motion in the Third Circuit Court of Appeals, and she has already filed notices of appeal with this District. (*See* Case No.

3

17-mj-4519, ECF No. 5; *id.*, ECF No. 7; Criminal No. 17-494, ECF No. 1; *id.*, ECF No. 3.)

8. Thus, for good cause appearing, all of Radin's requests for relief that are pending before me are denied.[1]

IT IS THEREFORE on this ____20th____ day of November, 2017, ORDERED that the defendant's requests for relief (**Case No. 17-mj-4519 (LHG), ECF No. 4 and ECF No. 6**) are **DENIED**; and it is further

**ORDERED** that the defendant's request for a criminal investigation or a criminal prosecution (**Crim. No. 17-494 (AET), ECF No. 4**) is **DENIED**.

JOSE L. LINARES
Chief Judge, United States District Court

---

[1] There is no doubt that a violation under 41 C.F.R. § 102-74.390 is a petty offense. *See In re Radin*, 2017 WL 5479494, at *1 (holding the same); *see also United States v. Strong*, 724 F.3d 51, 52 (1st Cir. 2013) (same).

4